**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**TROY WADE**                                                                                     **PLAINTIFF**

**V.**                                                                    **CIVIL ACTION NO. 2:06cv31-KS-MTP**

**HALEY BARBOUR, et al.**                                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the court on the Motion for Summary Judgment [82] filed by

defendant Dr. Jerry Welch.  Having reviewed the submissions of the parties,[1] and the applicable

law and being fully advised in the premises, the undersigned recommends that Dr. Welch's

motion [82] be GRANTED.

FACTUAL BACKGROUND

Plaintiff Troy Wade is currently incarcerated in the South Mississippi Correctional

Institution - II ("SMCI") in Leakesville, Mississippi.  On or about September 27, 1993, plaintiff

was sentenced by the Washington County Circuit Court to a term of ninety years for two counts

of the sale of cocaine, and one count for conspiracy to commit a crime.[2]  Plaintiff's projected

release date is August 5, 2028.

Plaintiff, along with ten other inmates proceeding *pro se*, filed a joint complaint on or

about March 29, 2005, pursuant 28 U.S.C. § 1983, the Americans with Disabilities Act, and the

Rehabilitation Act.[3]  On January 19, 2006, the court entered an Order [46] dismissing the joint

---

[1]In considering Dr. Welch's Motion [82], the court reviewed the Sur-Reply [90] submitted by plaintiff on or about December 21, 2007.  Accordingly, the undersigned recommends that Dr. Welch's Motion to Strike [91] should be dismissed as moot.

[2]*See* Ex. 6 to Motion [82]; *see also Wade v. State*, 675 So. 2d 1249 (Miss. 1996).

[3]*See* Complaint [1].  The joint complaint was assigned the following civil action number: 2:05cv81-KS-JMR.

action, No. 2:05cv81-KS-JMR, filed on March 29, 2005, without prejudice, and requiring each plaintiff to file a separate complaint.

On February 17, 2006, plaintiff filed his amended complaint [47] [48] pursuant to 28 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Special Needs Prison Program of 1994 - Miss. Code Ann. § 47-5-1101, *et seq*.[4]  Plaintiff named the following three defendants in his amended complaint: Christopher Epps, Ronald King, and Jerry Welch, M.D. Plaintiff's amended complaint supersedes the original joint complaint, as plaintiff did not refer to or incorporate by reference the original joint complaint.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.")  Accordingly, only the three defendants above remain in this action.  Plaintiff alleges various claims against the aforementioned defendants for violation of the ADA, violation of the Rehabilitation Act, violation of the Eighth Amendment, and violation of the Special Needs Prison Program of 1994.

Plaintiff seeks the following relief: placement in a special needs facility; the return of all medically prescribed items, including a knee brace, back brace, and orthopedic boots; a properly fitted prosthesis; shoes; and to be enrolled in GED classes.[5]

Prior to his incarceration, plaintiff was involved in an accident, which resulted in the

---

[4]Plaintiff's amended complaint also makes a conclusory reference to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997a, *et seq*.  *See* Amended Complaint [47] and Supporting Memo. [48].  CRIPA gives the Attorney General discretionary authority to investigate institutions when he has reasonable cause to believe persons confined to such institution are subject to "egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States."  42 U.S.C. § 1997a(a).  However, the Attorney General must institute an action under CRIPA, as it does not provide for a private cause of action.  42 U.S.C. § 1997a.

[5]*See* Amended Complaint [47] at 13.

amputation of his left leg above his knee.[6]  Plaintiff was identified by Hanger Prosthetics &

Orthotics, Inc. as a "K3 Ambulator," which has been described by the Amputee Coalition of

America as follows: "The patient has the ability or potential for ambulation with variable

cadence - a typical community ambulator with the ability to traverse most environmental barriers

and may have vocational, therapeutic, or exercise activity that demands prosthetic use beyond

simple locomotion."[7]  Plaintiff alleges that he was originally housed in Parchman in a "special

needs" housing assignment, but was transferred to SMCI and placed in the "general population"

on or about April 27, 2004.[8]  Dr. Welch was employed at SMCI from October 6, 2003 - January

19, 2006.[9]

Plaintiff alleges that Dr. Welch as the Institutional Medical Director is responsible for the

plaintiff's needs concerning his prosthesis for his left leg and his medically prescribed braces and

orthopedic shoes, and that he has failed in this obligation.[10]  Plaintiff claims that he was fitted for

a new prosthesis before he left Parchman in December 2003, due to the fact that his old

prosthesis was destroyed by untrained medical personnel at Parchman trying to make adjustments

to his prosthesis.  Plaintiff alleges that it took him three and a half years to get the new prosthesis,

and that when he finally received the new prosthesis in January 2006, it was poorly fitted.[11]  He

---

[6]*See* Amended Complaint [47] at 6.

[7]*See* Ex. 4 to Motion [82-6] at p. 6; *see also* http://www.amputee-coalition.org/
inmotion/sep_oct_00/medic.html.

[8]*See* Amended Complaint [47] at 6.

[9]*See* Memo. [83] at 3-4.

[10]*See* Amended Complaint [47] at 11-12; Supporting Memo. [48] at 17. The court will
only outline the allegations against defendant Dr. Welch, since the allegations against the
remaining defendants are not at issue in the instant motion for summary for summary judgment.

[11]*See* Amended Complaint [47] at 11-12; Supporting Memo. [48] at 10.

claims that he is now left with a "useless improperly fitted prosthesis" and nothing has been done about it.[12]

Plaintiff further alleges that Dr. Welch denied plaintiff's request for orthopedic shoes.[13] He claims that he had been provided with orthopedic shoes since 1996 or 1997, and that he cannot wear state-issued shoes due to his prosthesis. He claims that he is now being denied the orthopedic shoes, and that this is Dr. Welch's responsibility.[14]

On October 9, 2007, Dr. Welch filed his Motion for Summary Judgment [82]. The plaintiff filed his Response [87] and Supporting Memorandum [88] in opposition to the motion on or about November 26, 2007. Both parties subsequently filed replies and rebuttals in support of their respective positions. *See* Dr. Welch's Rebuttal [89]; Plaintiff's Response [90]. On December 27, 2007, Dr. Welch filed a Motion [91] to Strike Plaintiff's Response [90], and plaintiff filed his Response [92] to the Motion [91] on January 14, 2008.

## STANDARD

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences

---

[12]*Id*. at 12.

[13]*Id.*

[14]*See* Supporting Memo. [48] at 11, 17.

4

most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

ANALYSIS

Deliberate Indifference

Plaintiff alleges that Dr. Welch was deliberately indifferent to his serious medical needs. Specifically, plaintiff claims that Dr. Welch was deliberately indifferent in his denial and/or delay of adequate medical care with regard to plaintiff's prosthesis for his left leg, and by failing to provide him with orthopedic shoes.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prison official may not be held liable under this standard unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 838.  "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional

violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

There is no respondeat superior liability in Section 1983 actions. *See Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Based on the record, plaintiff has failed to establish that Dr. Welch was deliberately indifferent in providing him with a proper prosthesis. The record reflects that from plaintiff's arrival at SMCI in April 2004 until Dr. Welch left SMCI on January 19, 2006, plaintiff was taken to Hanger Prosthetics in Hattiesburg approximately seven times for adjustments to his existing prosthesis and for the fitting of a new prosthesis.[15] Dr. Welch was the referring physician for

---

[15]*See* Exs. 4 and 7 to Motion [82].

many of these visits, and actually approved a consultation request for plaintiff to obtain a new

prosthesis on or about June 17, 2005.[16]  Subsequently, three of plaintiff's appointments with

Hanger were cancelled; however, one appointment was cancelled due to Hurricane Katrina, and

two were cancelled because additional time was needed for fabrication of the new prosthesis.[17]

Thus, the evidence establishes that plaintiff was not denied adequate medical treatment for his

amputated limb, and any delay in providing plaintiff with a new prosthesis was due to a natural

disaster and additional time needed for fabrication, and not by Dr. Welch's deliberate

indifference.  The record reflects that plaintiff received his new prosthesis on January 23, 2006,

at which time he signed a "Warranty and Validation Receipt" indicating that he received and was

satisfied with his new prosthesis.[18]

Plaintiff has also failed to establish that Dr. Welch was deliberately indifferent in not

providing him with orthopedic shoes and proper braces.  Plaintiff alleges that Dr. Welch violated

the Eighth Amendment by not prescribing and/or providing him with orthopedic boots or other

special shoes.  In support of this claim, plaintiff offers medical records from Parchman showing

that he was prescribed "bio boots."  However, as defendant correctly notes, the fact that plaintiff

was prescribed special shoes at Parchman, and was not provided with the same shoes at SMCI

does not establish a claim for deliberate indifference.  *See Stewart v. Murphy,* 174 F.3d 530, 535

(5th Cir. 1999) (holding that prison doctor's failure to follow the advice of a non-prison doctor

did not amount to deliberate indifference, but was merely a difference in opinion as to the proper

course of treatment).  Dr. Welch's sworn testimony establishes that he never prescribed

---

[16]*See* Exs. 1, 2, 4, and 7 to Motion [82].

[17]*See* Ex. 4 at p. 9, and Ex. 7 to Motion [82].

[18]*See* Ex. 3 at p. 24, and Ex. 7 to Motion [82].

orthopedic or special shoes for plaintiff, and that he is unaware of anyone else who prescribed

such shoes for plaintiff while he was at SMCI.[19]  This testimony is supported by the medical

records produced by Dr. Welch.[20]  Additionally, the records reflect that when plaintiff's shoes

were worn out, he was ordered a new pair.[21] Plaintiff simply disagrees with Dr. Welch's decision

not to prescribe and/or provide him with orthopedic or special shoes, which does not amount to a

violation of the Eighth Amendment. *See supra*, *Norton*, 122 F.3d at 292 (stating that a prisoner's

"disagreement with medical treatment does not state a claim for Eighth Amendment indifference

to medical needs"); *see also Daniels*, 474 U.S. at 333-34 (holding that negligent conduct by

prison officials does not rise to the level of a constitutional violation).

The record reflects that plaintiff was indeed provided with braces and belts for his

medical condition.[22]  Plaintiff's allegations that these braces and belts were sometimes taken

away during random searches by correctional officers does not establish liability on the part of

Dr. Welch.  *See supra Oliver*, 276 F.3d at 742 & n.6; *Thompkins*, 828 F.2d at 304 (holding that

there is no respondeat superior liability in Section 1983 actions).  The record is void of any

evidence plaintiff's braces and/or belts were denied and/or taken away due to Dr. Welch's

---

[19]*See* Ex. 7 to Motion [82].

[20]*See, e.g.*, Ex. 3 at p. 36 ("Spoke with Chuck at Hanger's - Inmate needs shoes - not special shoes - just different shoes that are not worn out."); *see also* Ex. 4 at p. 18.  Additionally, the invoice from Hanger dated 11/15/06 indicates that Men's jogging shoes were prescribed and/or ordered for plaintiff, and not orthopedic shoes or surgical boots.  *See* Ex. 4 at p. 21.

[21]Plaintiff was ordered a new pair of shoes on or about February 12, 2004, a few months prior to his arrival at SMCI.  *See* Ex. 2 at TW00055.  The records reflect that plaintiff requested new shoes on November 13, 2005, because his were worn out, and he was provided with a new pair of supported tennis shoes on November 23, 2005.  *See* Ex. 3 at p. 9, 46.  Plaintiff was also provided with a new pair of tennis shoes on January 1, 2006, and November 15, 2006.  *See* Ex. 3 at pp. 35, 46.

[22]*See* Ex. 4 at p. 7 (indicating that a TES belt was ordered on 3/14/05); Ex. 3 at p. 24 (indicating that plaintiff was provided with a Silesian Belt on 1/23/06).

deliberate indifference.

Additionally, there is no evidence that Dr. Welch personally enacted a policy that violated plaintiff's constitutional rights. The record reflects that plaintiff was treated on numerous occasions for various ailments, including problems associated with his amputated limb, and was referred to a specialist in prosthetic fabrication on several occasions.[23] Accordingly, plaintiff's claims against Dr. Welch for deliberate indifference to a serious medical need should be dismissed.

Qualified Immunity

Although Dr. Welch has raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee,* 195 F.3d 234, 236 (5th Cir. 1999). Thus, if the court finds that the plaintiff's claims are not cognizable as constitutional claims, it need not reach the question whether the defendant is entitled to qualified immunity. *Wells*, 45 F.3d at 93.

Accordingly, because the plaintiff's allegations fail to establish constitutional claims, the undersigned does not reach the issue of qualified immunity.

Americans With Disabilities Act (ADA)

Plaintiff generally alleges a claim for violation of Title II of the ADA in his Amended Complaint [47] [48], but does not state any specific allegations against Dr. Welch for a violation of the ADA.

Title II of the ADA provides that "no qualified individual with a disability shall, by

---

[23]*See* Exs. 1, 2, 3, 4, and 7 to Motion [82].

reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 28 U.S.C. § 12132.  In order to establish a cause of action under Title II of the ADA, plaintiff must establish:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits or discrimination is by reason of his disability.

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).

As a preliminary matter, the plaintiff cannot recover from Dr. Welch in his individual capacity under the ADA.  *See Gonzales v. City of Corpus Christi*, No. C.A. C-05-280, 2005 WL 3058168, at *7 (5th Cir. Nov. 9, 2005) (holding that Title II of the ADA does not contemplate holding officers liable in their individual capacities); *Shabazz v. Texas Youth Comm'n*, 300 F. Supp. 2d 467, 473-74 (N.D. Tex. 2003). Accordingly, plaintiff's claims against Dr. Welch in his individual capacity should be dismissed.

Further, to the extent that plaintiff asserted claims against Dr. Welch in his official capacity for violating the ADA, such claims should likewise be dismissed.  Assuming that plaintiff is a qualified individual with a disability, and that Dr. Welch and/or the entity he represents is a "public entity," plaintiff's amended complaints [47] [48] fail to allege, much less establish, that Dr. Welch excluded him from participating in, or denied him benefits, services, programs, or activities of SMCI, or discriminated against him because of his disability.  *See Melton*, 391 F.3d at 671-72; *see also Caldwell v. Quarterman*, No. 3:04cv2166-L, 2007 WL 4335465, at *7 (S.D. Tex. Dec. 12, 2007) (holding that defendant was entitled to judgment as a matter of law because plaintiff failed "to establish a genuine issue of material fact that he was excluded from participation in or denied the benefits of [defendant's] services or programs").

Rather, plaintiff alleges that Dr. Welch failed in his obligation to timely provide him with a proper prosthesis and shoes.

In his opposition to the motion for summary judgment, plaintiff states that "Dr. Welch a public entity did discriminate against the plaintiff Wade, by him violating the (ADA) . . . by not fulfilling his contracted obligation to ensure that plaintiff obtain needed medically prescribed shoes, boots, braces, and or orthopedic rehabilitation devices . . . . " *See* Response [90] at 4. Such conclusory allegations do not establish a violation of the ADA. *See Caldwell*, 2007 WL 4335465, at *7 (granting defendant's motion for summary judgment on plaintiff's ADA claim, holding that the "inadequate medical treatment of a disability is insufficient to provide a basis for liability under the ADA"). Accordingly, plaintiff's claims under the ADA against Dr. Welch should be dismissed.

State Law Claims

 Plaintiff alleges claims against Dr. Welch under the Special Needs Prison Program of 1994 - Miss. Code Ann. § 47-5-1101, *et seq.*[24] Because the undersigned is of the opinion that Dr. Welch is entitled to judgment as a matter of law on all of plaintiff's federal claims, the undersigned recommends that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), and that such claims should be dismissed without prejudice. This exercise of discretion is in keeping with the Fifth Circuit's "'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case.*" Certain Underwriters of Lloyd's, London v.*

---

[24]The Program provides in part that the Commissioner of Corrections "is authorized to enter into contracts for a special needs correctional facility and services . . ." and that "[a]ny inmate sentenced to the custody of the department identified as having a special need may be eligible to be incarcerated in a special needs correctional facility in which a contractor is providing correctional services." Miss. Code Ann. § 47-5-1105(1) & (3).

*Warrantech Corp*., 461 F.3d 568, 578 (5th Cir. 2006).

RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Dr. Welch's Motion for Summary Judgment [82] be GRANTED, and that Dr. Welch's Motion to Strike [91] be DENIED as moot.  The undersigned recommends that plaintiff's federal law claims against Dr. Welch be dismissed with prejudice, and that plaintiff's state law claims against Dr. Welch be dismissed without prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 29th day of February, 2008.

s/ Michael T. Parker
United States Magistrate Judge