IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TROY WADE

VERSUS                                              CIVIL ACTION NO.  2:06cv31 KS-MTP

HALEY BARBOUR, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING COMPLAINT WITH PREJUDICE, ETC.

This cause is before the Court on Motion for Summary Judgment [82] filed by Defendant, Dr. Jerry Welch, Response in Opposition to Motion for Summary Judgment [87] filed by Troy Wade, Rebuttal thereto filed by Dr. Jerry Welch [89], Report and Recommendation of United States Magistrate Judge Michael T. Parker [94], Objection thereto filed by Troy Wade [97], and Reply to Objection [99] filed by Dr. Jerry Welch, and the Court after hearing and duly considering the same finds that the Motion for Summary Judgment should be sustained for the hereinafter stated reasons.

I.  FACTUAL BACKGROUND

The Court has considered the factual background set forth by Judge Parker in his Report and Recommendation and incorporates same herein as follows:

Plaintiff Troy Wade is currently incarcerated in the South Mississippi Correctional Institution - II ("SMCI") in Leakesville, Mississippi.  On or about September 27, 1993, plaintiff was sentenced by the Washington County Circuit Court to a term of ninety years for two counts

of the sale of cocaine, and one count for conspiracy to commit a crime.[1]  Plaintiff's projected release date is August 5, 2028.

Plaintiff, along with ten other inmates proceeding *pro se*, filed a joint complaint on or about March 29, 2005, pursuant 28 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act.[2]  On January 19, 2006, the court entered an Order [46] dismissing the joint action, No. 2:05cv81-KS-JMR, filed on March 29, 2005, without prejudice, and requiring each plaintiff to file a separate complaint.

On February 17, 2006, plaintiff filed his amended complaint [47] [48] pursuant to 28 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Special Needs Prison Program of 1994 - Miss. Code Ann. § 47-5-1101, *et seq*.[3]  Plaintiff named the following three defendants in his amended complaint: Christopher Epps, Ronald King, and Jerry Welch, M.D.  Plaintiff's amended complaint supersedes the original joint complaint, as plaintiff did not refer to or incorporate by reference the original joint complaint.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.")  Accordingly, only the three defendants above remain in this

---

[1] *See* Ex. 6 to Motion [82]; *see also Wade v. State*, 675 So. 2d 1249 (Miss. 1996).

[2] *See* Complaint [1].  The joint complaint was assigned the following civil action number: 2:05cv81-KS-JMR.

[3] Plaintiff's amended complaint also makes a conclusory reference to the Civil Rights of Institutionalized Persons Act ("CRIPA"), 42 U.S.C. § 1997a, *et seq*.  *See* Amended Complaint [47] and Supporting Memo. [48].  CRIPA gives the Attorney General discretionary authority to investigate institutions when he has reasonable cause to believe persons confined to such institution are subject to "egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 42 U.S.C. § 1997a(a).  However, the Attorney General must institute an action under CRIPA, as it does not provide for a private cause of action.  42 U.S.C. § 1997a.

action. Plaintiff alleges various claims against the aforementioned defendants for violation of the ADA, violation of the Rehabilitation Act, violation of the Eighth Amendment, and violation of the Special Needs Prison Program of 1994.

Plaintiff seeks the following relief: placement in a special needs facility; the return of all medically prescribed items, including a knee brace, back brace, and orthopedic boots; a properly fitted prosthesis; shoes; and to be enrolled in GED classes.[4]

Prior to his incarceration, plaintiff was involved in an accident, which resulted in the amputation of his left leg above his knee.[5] Plaintiff was identified by Hanger Prosthetics & Orthotics, Inc. as a "K3 Ambulator," which has been described by the Amputee Coalition of America as follows: "The patient has the ability or potential for ambulation with variable cadence - a typical community ambulator with the ability to traverse most environmental barriers and may have vocational, therapeutic, or exercise activity that demands prosthetic use beyond simple locomotion."[6] Plaintiff alleges that he was originally housed in Parchman in a "special needs" housing assignment, but was transferred to SMCI and placed in the "general population" on or about April 27, 2004.[7] Dr. Welch was employed at SMCI from October 6, 2003 - January 19, 2006.[8]

Plaintiff alleges that Dr. Welch as the Institutional Medical Director is responsible for the

---

[4]*See* Amended Complaint [47] at 13.

[5]*See* Amended Complaint [47] at 6.

[6]*See* Ex. 4 to Motion [82-6] at p. 6; *see also* http://www.amputee-coalition.org/inmotion/sep_oct_00/medic.html.

[7]*See* Amended Complaint [47] at 6.

[8]*See* Memo. [83] at 3-4.

plaintiff's needs concerning his prosthesis for his left leg and his medically prescribed braces and orthopedic shoes, and that he has failed in this obligation.[9] Plaintiff claims that he was fitted for a new prosthesis before he left Parchman in December 2003, due to the fact that his old prosthesis was destroyed by untrained medical personnel at Parchman trying to make adjustments to his prosthesis. Plaintiff alleges that it took him three and a half years to get the new prosthesis, and that when he finally received the new prosthesis in January 2006, it was poorly fitted.[10] He claims that he is now left with a "useless improperly fitted prosthesis" and nothing has been done about it.[11]

Plaintiff further alleges that Dr. Welch denied plaintiff's request for orthopedic shoes.[12] He claims that he had been provided with orthopedic shoes since 1996 or 1997, and that he cannot wear state-issued shoes due to his prosthesis. He claims that he is now being denied the orthopedic shoes, and that this is Dr. Welch's responsibility.[13]

On October 9, 2007, Dr. Welch filed his Motion for Summary Judgment [82]. The plaintiff filed his Response [87] and Supporting Memorandum [88] in opposition to the motion on or about November 26, 2007. Both parties subsequently filed replies and rebuttals in support of their respective positions. *See* Dr. Welch's Rebuttal [89]; Plaintiff's Response [90]. On December 27, 2007, Dr. Welch filed a Motion [91] to Strike Plaintiff's Response [90], and

---

[9] *See* Amended Complaint [47] at 11-12; Supporting Memo. [48] at 17. The court will only outline the allegations against defendant Dr. Welch, since the allegations against the remaining defendants are not at issue in the instant motion for summary for summary judgment.

[10] *See* Amended Complaint [47] at 11-12; Supporting Memo. [48] at 10.

[11] *Id.* at 12.

[12] *Id.*

[13] *See* Supporting Memo. [48] at 11, 17.

plaintiff filed his Response [92] to the Motion [91] on January 14, 2008

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.")  Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER TROY WADE'S OBJECTIONS AND ANALYSIS

In his Report and Recommendation, Judge Parker addressed separately the issue of deliberate indifference (violation of 8th Amendment), qualified immunity, the Americans with Disabilities Act (ADA) and state law claims.  In his Objection to the Report and Recommendation, Wade does not object to the recommendation that the Court dismiss with prejudice his claims under the Americans with Disabilities Act, nor does he object to the recommendation that the Court dismiss without prejudice the plaintiff's state law claim. Therefore, the only issue before the Court is Plaintiff's Objection to the Report and Recommendation that the Court dismiss Plaintiff's 8th Amendment claim which alleges that Dr. Welch acted with deliberate indifference in denying plaintiff orthopedic shoes.  The portion of

the 8th Amendment claim that alleges that Dr. Welch acted with deliberate indifference to Plaintiff's need for a prosthesis or for braces and belts was not objected to.

What remains before the Court is the claim by Plaintiff that Dr. Welch acted with deliberate indifference when he failed to prescribe special orthopedic shoes for Plaintiff.

Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't. Of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Plaintiff must establish that Dr. Welch knew of and disregarded an excessive risk to Plaintiff's health or safety.  Negligent conduct on the part of prison officials does not constitute a violation of the 8th Amendment.  *Daniels v. Williams,* 474 U.S. 327, 333-34 (1986).  The Plaintiff must show facts that clearly demonstrate that Dr. Welch knew of and deliberately disregarded Plaintiff's health and safety.  Plaintiff originally alleged that there was a failure of Dr. Welch to obtain a new prosthesis for him, but the evidence is significant that that was not the case and that he has, and is satisfied with his new prosthesis.  Plaintiff was not prescribed special shoes by Dr. Welch and even though Plaintiff claims that he was prescribed special boots at Parchman, it is not an 8th Amendment violation for Dr. Welch not to prescribe same unless it can be shown that there was a serious and known threat to Plaintiff's health that was disregarded by Dr. Welch. The record showed that Wade was ordered new shoes on several occasions and was never ordered to have orthopedic shoes.  Indeed, Dr. Welch stated that he never prescribed orthopedic shoes.

In his Objection to the Report and Recommendation, Plaintiff only makes conclusory statements regarding the need for special shoes, but does affirmatively state that Dr. Welch did

order new shoes for him.  This Court finds that there is no material fact in dispute regarding the 8th Amendment violations alleged against Dr. Welch and the Court finds that Summary Judgment should be granted in favor of Dr. Welch as to all claims brought against him by Plaintiff.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Plaintiff's objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that the federal claims of Troy Wade against Dr. Jerry Welch are **dismissed with prejudice**.  The state court claims are dismissed without prejudice.

SO ORDERED this, the 29th day of April, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE